IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DANNIELLE BRUNER,       )
                        )
    Plaintiff,           )
                        )
v.                       )   Case No. CIV-16-1371-D
                        )
MIDLAND FUNDING, LLC, *et al.*, )
                        )
    Defendants.          )

**O R D E R**

Before the Court is Defendants Midland Funding, LLC's and Midland Credit Management, Inc.'s Motion to Dismiss Amended Complaint [Doc. No. 31], filed pursuant to Fed. R. Civ. P. 12(b)(6). The movants assert that Plaintiff has failed to allege sufficient facts in her Amended Complaint to state a claim against them under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, or the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p. They contend Plaintiff simply recites the language of the statutes in a formulaic manner and fails to provide factual allegations from which liability under either statute could reasonably be inferred.

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, in assessing plausibility, a court should first disregard conclusory allegations and "next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id*. at 681.

## Plaintiff's Allegations

Plaintiff brings suit against seven defendants for conduct regarding a consumer debt that allegedly was a result of identity theft: Midland Funding, LLC and Midland Credit Management, Inc. (collectively, "Midland"); their alleged parent company, Encore Capital Group, Inc.; three consumer reporting agencies – TransUnion LLC, Experian Information Solutions, Inc. and Equifax Information Services LLC; and a lender, Credit One Bank. Plaintiff states she discovered the fraudulent account when she obtained a copy of her consumer report from each of the consumer reporting agencies on June 21, 2016, and learned that the reports showed a charge-off of a $400.00 credit card debt to Credit One Bank. Plaintiff alleges this item is inaccurate and false in that she never had a credit account with Credit One Bank.

Accepting the allegations of the Amended Complaint as true, Plaintiff notified each of the consumer reporting agencies by letters sent on June 22, 2016, that she disputed the alleged debt to Credit One Bank listed on her consumer reports (the "Debt"). On July 6,

2

2016, Plaintiff received debt collection letters from Midland regarding the Debt. On August 2, 2016, Plaintiff sent letters to Midland and Credit One Bank disputing the Debt and disputing the accuracy of the information regarding the Debt in her consumer reports. On August 2, 2016, Plaintiff also sent letters to each of the consumer reporting agencies disputing the accuracy of her consumer reports regarding the Debt. On September 22, 2016, Plaintiff sent each defendant another letter informing them that information they had provided to Plaintiff was insufficient.[1] Plaintiff asked Midland and Credit One Bank to submit requests to the consumer reporting agencies instructing them to delete the Debt from her consumer reports.

As to the alleged misconduct of Midland, Plaintiff states that after Midland received notice of Plaintiff's dispute of the Debt, Midland "failed to conduct an investigation with respect to the disputed information;" "failed to review all relevant information provided by Equifax, Experian, and TransUnion;" "failed to report true and correct results of the investigation to Equifax, Experian, and TransUnion;" "failed to find that the alleged debt disputed by Plaintiff was inaccurate and report those results to Equifax, Experian, and TransUnion and all other consumer reporting agencies;" and "failed to find the alleged debt disputed by Plaintiff [w]as inaccurate or unverifiable and failed to submit a request to Equifax, Experian, and TransUnion to delete the item and permanent[ly] block the reporting of the alleged debt to Equifax, Experian, and TransUnion." *See* Am. Compl.

---

[1] This allegation suggests Defendants responded to her dispute letters, but Plaintiff does not explain what, if any, response she received from any defendant.

3

[Doc. No. 27], ¶¶ 152-56. Plaintiff states upon information and belief that "Equifax, Experian, and TransUnion communicated some or all of Plaintiff's dispute information to Midland" and that Midland "verified to Equifax, Experian, and TransUnion that Plaintiff was liable for the alleged debt that she disputed, and that the amount remained due and owing, and verified the date of delinquency." *Id.*, ¶¶ 157-58.

Further, Plaintiff notified Midland "in writing within the thirty-day period of Plaintiff's receipt of the initial communication from Midland . . . that the alleged debt was disputed, but Midland . . . failed to cease collection of the alleged debt until it obtained verification of the alleged debt and mailing the same to Plaintiff." *Id.* ¶ 159. Midland also "failed to provide verification of the alleged debt to Plaintiff as per Plaintiff's request in writing." *Id.* ¶ 160. Plaintiff alleges that she was injured and suffered actual damages "[a]s a result of the actions and inactions of Defendants." *Id.* ¶ 161.

In Counts 17 through 31 of the Amended Complaint, Plaintiff claims Midland's conduct violated all provisions of 15 U.S.C. § 1681s-2(b)(1) – enumerating a separate claim for each of subparagraphs (A)-(E) as to an unnamed consumer reporting agency (Counts 17-21), Equifax (Counts 22-26), and Experian (Counts 27-31). In Count 52, Plaintiff claims Midland violated 15 U.S.C. § 1692g(b).

**Discussion**

**A.   FCRA Claims**

The Fair Credit Reporting Act ("FCRA") provides a consumer with a private right of action against a person who furnishes credit information to consumer reporting agencies

4

if the furnisher violates a statutory duty imposed by Section 1681s-2(b)(1). These duties arise when a furnisher of information receives notice of a dispute from a consumer reporting agency. *See* 15 U.S.C. § 1681s-2(b)(1); *see also Sanders v. Mountain Am. Fed. Credit Union,* 689 F.3d 1138, 1147 (10th Cir. 2012). *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 751 (10th Cir. 2009) ("notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)") (internal quotation and emphasis omitted). As explained by the Tenth Circuit: "While Congress did not want furnishers of credit information to be exposed to suit by any and every consumer dissatisfied with the credit information furnished, Congress allows consumers to enforce the duty of accurate reporting through the FCRA's dispute process." *Sanders*, 689 F.3d at 1147 (internal quotation omitted).[2]

Midland agrees it is a furnisher of credit information and Plaintiff allegedly sent letters to consumer reporting agencies disputing the Debt and the accuracy of her credit reports regarding it. Midland asserts, however, that Plaintiff provides insufficient facts from which to reasonably conclude that Midland failed to perform a duty imposed by Section 1681s-2(b)(1)(A)-(E). Specifically, Subsection A required Midland to conduct a reasonable investigation regarding the disputed information; what is reasonable depends on the information provided by the consumer reporting agency in the notice of the dispute.

---

[2] Section 1681s-2(a)(8) addresses a consumer's ability to dispute information directly with a furnisher of credit information. However, FCRA does not provide a private cause of action for a violation of Section 1681s-2(a). *See* 15 U.S.C. § 1681s-2(c); *see also Sanders*, 689 F.3d at 1147 (10th Cir. 2012); *Pinson*, 316 F. App'x at 751.

*See Maiteki v. Marten Trans. Ltd.*, 828 F.3d 1272, 1275 (10th Cir. 2016). Similarly, Subsections B and C required Midland to review all relevant information provided by a consumer reporting agency and report the results of the investigation to the agency. Because Plaintiff does not allege what information she provided to the consumer reporting agencies, Midland contends Plaintiff has failed to plead sufficient facts to show Midland failed to undertake a reasonable investigation, review all relevant information, and report the results.

Upon consideration, the Court finds that Plaintiff has alleged minimally sufficient facts to state plausible claims that Midland violated Subsections A, B and C. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See Iqbal*, 556 U.S. at 679. For example, "[a] simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time." *Robbins*, 519 F.3d at 1248. Here, with respect Midland's duties to conduct a reasonable investigation, review relevant information, and report the results of the investigation to the consumer reporting agencies that provided notice of a dispute regarding the Debt, the Amended Complaint "'give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" as required by Rule 8(a). *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555); *see also Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009); *Robbins*, 519 F.3d at 1248.

Therefore, the Court finds that the Amended Complaint states plausible claims for violations of Section 1681s-2(b)(1)(A)-(C).

Subsections D and E required Midland to take certain corrective actions "[i]f the investigation finds that the [disputed] information is incomplete or inaccurate" or "cannot be verified after any reinvestigation." Plaintiff's claims regarding these statutory duties are based on factual allegations that Midland "failed to find that the alleged debt disputed by Plaintiff was inaccurate" or "unverifiable." *See* Am. Compl. [Doc. No. 27], ¶¶ 155-56. Plaintiff does not allege facts from which to conclude that Midland found the information it had furnished was inaccurate or could not be verified, but failed to take an action that would be required under those circumstances, which is, to notify all consumer reporting agencies or to modify, delete or block further reporting of the information. Therefore, the Court finds that Plaintiff fails to allege plausible claims that Midland violated Section 1681s-2(b)(1)(D) or (E). [3]

---

[3] Midland's duty under Subsection D, upon finding incomplete or inaccurate information, was to "report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis." 15 U.S.C. § 1681s-2(b)(1)(E). Plaintiff asserts three claims under Subsection D. In Count 20, she complains that Midland "failed to report to all national consumer reporting agencies that the information was inaccurate or unverifiable." *See* Am. Comp. [Doc. No. 27], ¶ 301. In Counts 25 and 30, she claims that Midland failed to make this report to two consumer reporting agencies (Equifax and Experian). The latter claims are duplicative of Count 20 and unnecessary.

Regarding Subsection E, Plaintiff does not allege that Midland failed to modify, delete, or block reporting of inaccurate or unverifiable information; she instead alleges "it failed to have a procedure" to do those things. *See* Am. Comp. [Doc. No. 27], ¶ 309. Assuming a lack of curative procedures may violate the statute, she asserts in Count 21 that Midland lacked procedures for credit reporting agencies generally, and in Counts 26 and 31 that Midland lacked procedures for two consumer reporting agencies. The latter claims are duplicative of Count 21.

For these reasons, the Court finds that Plaintiff has sufficiently alleged FCRA claims against Midland in Counts 17-19, 22-24 and 27-29, but that Counts 20-21, 25-26 and 30-31 should be dismissed. Plaintiff will have an opportunity to further amend her pleading to cure the deficiencies found by the Court, if she can do so consistent with Fed. R. Civ. P. 11, within the time period to be set by the scheduling order entered in the case.

**B.     FDCPA Claim**

Midland does not dispute that it is a debt collector, Plaintiff is a consumer, and the Debt is covered by the Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. § 1692a(3), (5) & (6). Midland also accepts as true Plaintiff's allegation that she notified Midland in writing on August 2, 2017, that she disputed the Debt. Plaintiff claims Midland violated § 1692g(b) "by failing to cease collection activity after receiving Plaintiff's dispute of the alleged debt" within 30 days of receiving Midland's initial communication regarding the Debt. *See* Am. Compl. [Doc. No. 27], ¶ 537.

Midland asserts the Amended Complaint is insufficient to state an FDCPA claim because Plaintiff fails to allege that Midland undertook any collection activity after receiving her dispute letter.[4] Plaintiff makes no response to Midland's argument, other than to point to a conclusory allegation of her Amended Complaint stating that Midland failed to cease collection activity. *See* Pl.'s Resp. Br. [Doc. No. 37] at 6. This bare

---

[4] Midland also argues in its reply brief that Plaintiff fails to sufficiently allege her dispute letter was timely. However, a reasonable inference from the factual allegations of the Amended Complaint is that her first communication from Midland regarding the debt was a dunning letter received on July 6, 2016, and she sent a dispute letter to Midland on August 2, 2016.

8

allegation fails to provide Midland with fair notice of what conduct it allegedly committed in violation of the statute, and fails to state a plausible claim for relief. Therefore, the Court finds that Count 52 should be dismissed, but that Plaintiff should have an opportunity to further amend her pleading within the deadline to be set by the scheduling order.

**Conclusion**

For these reasons, the Court finds that Counts 20-21, 25-26, 30-31 and 52 of the Amended Complaint fail to state claims against Defendants Midland Funding, LLC and Midland Credit Management, Inc. on which relief can be granted, but that Counts 17-19, 22-24 and 27-29 state plausible FCRA claims against these defendants.

IT IS THEREFORE ORDERED that Defendants' Midland Funding, LLC and Midland Credit Management, Inc.'s Motion to Dismiss Amended Complaint [Doc. No. 31] is GRANTED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this 23rd day of June, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE