# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DANNIELLE BRUNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-16-1371-D |
| | ) | |
| MIDLAND FUNDING, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff Dannielle Bruner's Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) [Doc. No. 73] and Brief in Support [Doc. No. 74]. Defendant Encore Capital Group, Inc., has filed its Response [Doc. No. 75]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff contends the defendant companies engage in unlawful credit reporting and debt collection practices. *Motion to Strike*, 1. She moves to strike Defendant Encore's Affirmative Defenses Nos. 1, 2, 3, 4, 5, and 6 as well as Defendant Encore's request for relief in the form of costs and attorney fees. Plaintiff asserts these defenses and this request for relief are legally and factually insufficient pursuant to Rule 12(f), Federal Rules of Civil Procedure. The Affirmative Defenses at issue state:

1. Plaintiff has failed to state a claim against Encore upon which relief may be granted.

2. The Court does not have personal jurisdiction over Encore, as Encore does not transact business in Oklahoma, is not incorporated in Oklahoma, and its principal place of business is not in Oklahoma.

3. Encore at all times followed the requirements of the FCRA and established and followed reasonable procedures to avoid violations of the FCRA.

4. Any alleged damages of Plaintiff, which Encore continues to deny, is the result of the acts or omissions of Plaintiff or others over whom Encore has no control and for whom it has no responsibility.

5. Plaintiff failed to mitigate her alleged damages.

6. Plaintiff's claims are barred by the statute of limitations.

*Defendant Encore Group's Answer to Amended Complaint* [Doc. No. 70], 23.

Plaintiff argues that the aforementioned defenses and request for relief are factually insufficient to provide notice and will unduly prejudice Plaintiff. Plaintiff also asserts that the defenses fail to meet the standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 663 (2009),[1] and that Encore has made admissions which vitiate Affirmative Defense No. 2. Defendant Encore, in response, states

---

[1] Both Parties acknowledge that the Tenth Circuit has not yet addressed whether the heightened pleading standards set forth in *Twombly* and *Iqbal*, *supra.*, apply to affirmative defenses and that there is a split among district courts as to conclusions on the matter. Therefore, there is no controlling authority on this issue. However, this Court has consistently "concluded that the *Twombly/Iqbal* standard does not apply with the same force to affirmative defenses." *Franco v. Goodwill Shops S., LLC,* CIV-17-897-D, 2017 WL 6459807, at *1 (W.D. Okla. Dec. 18, 2017) (quoting *Wilson v. Lady Di Food Groups Holding, LLC*, No. CIV-16-1424-D, 2017 WL 1458783, at *1 (W.D. Okla. Apr. 24, 2017)); *see also, Holt v. Roy Blackwell Enter., Inc.*, No. CIV-15-326-D, 2016 WL 319894, *3 n. 3 (W.D. Okla. Jan. 26, 2016)). The Court sees no need to address the issue of whether to apply *Twombly* and *Iqbal* to affirmative defenses.

the challenged defenses and request for relief provide Plaintiff with adequate notice, do not prejudice Plaintiff, and that *Twombly* and *Iqbal* standards do not apply.[2]

## STANDARD OF DECISION

The Court "may strike from a pleading an insufficient defense, or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). However, such relief is a severe remedy and generally disfavored. *United States v. Hardage*, 116 F.R.D. 460, 463 (W.D. Okla. 1987); *see also, Sender v. Mann*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006). In fact, such motions, in addition to being disfavored, are often "considered purely cosmetic or 'time wasters.'" *Lane v. Page*, 272 F.R.D. 581, 587 (D.N.M. 2011) (quoting 5C C. Wright & A. Miller, *Federal Practice & Procedure* § 1382 (3d. ed.2004)); *see also*, *Tavasci v. Cambron*, CIV 16-0461 JB/LF, 2016 WL 6405896, at *7 (D.N.M. Oct. 25, 2016) (quoting the transcript of the hearing on the motions to strike in which the court described motions to strike as "busywork" that "crowd the docket.").

A defense should not be stricken "if there is any real doubt about its validity, and 'the benefit of the doubt should be given to the pleader.'" *Sender*, 423 F. Supp. 2d at 1163 (quoting *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736-37 (N.D. Ill. 1982)). As stated in *Bobbitt,* 532 F.Supp. at 736, "the very possibility of waiver makes it important (and certainly prudent) to plead all appropriate affirmative defenses," and "the cautious pleader is fully justified in setting up as affirmative defenses anything that might possibly

---

[2] Defendant Encore withdraws Affirmative Defense No. 6. *Defendant's Response*, 7.

fall into that category, even though that approach may lead to pleading matters as affirmative defenses that could have been set forth in simple denials."

Motions to strike "must not be granted unless, as a matter of law, the defense cannot succeed under any circumstances." *United States v. Hardage*, 116 F.R.D. 460, 463 (W.D. Okla. 1987). That is, "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some sort of significant prejudice to one or more of the parties to the action" motions to strike should be denied. *Wilson v. Lady Di Food Groups Holding, LLC*, No. CIV-16-1424-D, 2017 WL 1458783, at *1 (W.D. Okla. Apr. 24, 2017) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2004)); *see also Holt v. Roy Blackwell Enterprises, Inc.*, No. CIV-15-326-D, 2016 WL 319894, at *2 (W.D. Okla. Jan. 26, 2016) (citations omitted). An "abbreviated statement of the defense, considered in context with the complaint to which the defenses are addressed, will sufficiently apprise a party of the nature of the defense for pleading purposes." *Henson v. Supplemental Health Care Staffing Specialists*, No. CIV-09-397-HE, 2009 WL 10671291, at *1 (W.D. Okla. July 30, 2009),

## DISCUSSION

The defenses at issue state Defendants' position with regard to (1) certain elements of Plaintiff's claims, such as compliance with the statutes on which Plaintiff bases her claims (Affirmative Defenses Nos. 1, 3, and 4), (2) the availability of certain remedies (Affirmative Defense No. 5), and, (3) whether this Court has personal jurisdiction (Affirmative Defense No. 2).

**I.     Affirmative Defense Nos. 1, 3, 4 and 5.**

Plaintiff brings claims alleging Defendant Encore has violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq*. ("FDCPA").[3] Read in context with the allegations of the Amended Complaint [Doc. No. 27], "which are necessarily incorporated into the Defendant's recitation of affirmative defenses," Defendant Encore's Affirmative Defense Nos. 1, 3, 4 and 5 provide Plaintiff sufficient notice. *Duncan v. M.A.R.S., Inc.*, 2014 WL 5681185 *2 (W.D. Okla. 2014). Because Plaintiff brings claims against Defendant Encore based only on the FCRA and FDCPA, these affirmative defenses "contain sufficient detail to indicate the relationship of the defense to the claims asserted and to avoid undue prejudice" to the plaintiff. *Wilson*, 2017 WL 1458783 at *2; *Holt*, 2016 WL 319894 at *3; *see also Franco v. Goodwill Shops S., LLC*, CIV-17-897-D, 2017 WL 6459807, at *2 (W.D. Okla. Dec. 18, 2017) (quoting *Wilson,* 2017 WL 1458783 at *2, and *Holt*, 2016 WL 319894 at *3).

Affirmative Defense No. 1 is clearly understood to relate to a failure of Plaintiff to state a claim as to the FCRA and the FDCPA. Affirmative Defense No. 3 states in simple terms that Defendant Encore complied with the FCRA. In *Franco, Wilson,* and *Holt,* cited *supra.*, this Court declined to strike defenses similarly stating that the defendants had complied with the federal statutes upon which the plaintiffs based their claims. As to

---

[3] Defendant Encore states that the Court dismissed Plaintiff's FDCPA claim in Order [Doc. No. 67]. However, that Order dismissed Plaintiff's FDCPA claim as to Defendants Midland Funding, LLC, and Midland Management, Inc. *Order* [Doc. No. 67], 9.

Affirmative Defense No. 4, Plaintiff has brought claims for damages against multiple defendants. Therefore, construed in context with the Amended Complaint, Defendant Encore's Affirmative Defense No. 4 provides sufficient notice of its position that Plaintiff's damages were cause by others over whom Defendant Encore had no control or responsibility. Likewise, Affirmative Defense No. 5 clearly relates to Plaintiff's claim for actual damages.

Based on its review of Defendant Encore's Answer, in conjunction with Plaintiff's Amended Complaint, the Court finds that there is sufficient detail describing the relationship of the challenged defenses to the claims asserted and to avoid undue prejudice to Plaintiff.

**II.     Affirmative Defense No. 2.**

Plaintiff challenges Defendant Encore's Affirmative Defense No. 2 solely on the basis that because Defendant Encore admitted that venue is proper in this jurisdiction, it has waived any objection to personal jurisdiction.[4]

In its Answer to the Amended Complaint [Doc. No. 70], ¶12, ¶14, ¶15 and ¶16, Defendant Encore states "Encore admits venue is proper in this judicial district," but it denies in ¶13 that this Court has personal jurisdiction. Defendant Encore does not simply

---

[4] Venue should not be confused with personal jurisdiction. *Res. Associates Grant Writing & Evaluation Servs., Inc. v. Southampton Union Free Sch. Dist.*, 193 F. Supp. 3d 1200, 1226 (D.N.M. 2016). "The purpose of venue is to assure that lawsuits are filed in appropriately convenient courts for the matters raised and for the parties involved in the action." *Res. Associates Grant Writing & Evaluation Servs., Inc.*, 193 F. Supp. 3d at 1225–26 (citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 185, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979)). Personal jurisdiction refers to a "court's power to exercise control over the parties." *Leroy*, 443 U.S. at 180.

admit the paragraphs in which Plaintiff asserts various specific grounds for venue. Defendant Encore makes no distinction in its admission of proper venue as to which type of venue under 28 U.S.C. § 1391(b) it admits.

Taken in context with the Amended Complaint, there is sufficient detail describing the relationship of Affirmative Defense No. 2 to the claims asserted and to avoid undue prejudice to Plaintiff, and Defendant Encore did not admit that it is subject to personal jurisdiction. Plaintiff's Motion to strike Affirmative Defense No. 2 is denied.

### III. Defendant's Request for Costs and Attorney Fees.

Plaintiff presents no authority for challenging Defendant's request for relief in the form of costs and attorney fees in a motion to strike under Rule 12(f). Plaintiff argues that because Defendant does not allege bad faith, Defendant's request for relief is not supported under the provisions of the FCRA and the FDCPA or factually on the face of Defendant's Answer. Plaintiff acknowledges that there are instances in which costs and attorney fees may be awarded to a defendant under the FCRA and FDCPA.

Defendant Encore's request for relief is neither a defense nor "redundant, immaterial, impertinent, or scandalous" material subject to a motion to strike under Rule 12(f). Plaintiff's motion to strike as to Defendant Encore's request for relief in the form of costs and attorney fees is denied.

## CONCLUSION

Plaintiff's Motion to Strike Affirmative Defenses [Doc. No. 73] is **DENIED** as set forth herein.[5]

**IT IS SO ORDERED** this **25th** day of January 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[5] Defendant Encore has withdrawn Affirmative Defense No. 6. Accordingly, Plaintiff's Motion with respect to that issue is considered Moot.