IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DANNIELLE BRUNER,                    )
                                     )
                Plaintiff,           )
                                     )
v.                                   )        Case No. CIV-16-1371-D
                                     )
MIDLAND FUNDING, LLC, *et al*.,      )
                                     )
                Defendants.          )

# O R D E R

Before the Court is Defendant Trans Union LLC's Application for Attorneys' Fees
and Expenses [Doc. No. 95], filed pursuant to a ruling made in open court on January 24,
2018, and memorialized in a minute order entered the same day [Doc. No. 89]. The Court
granted a motion of Defendant Trans Union LLC ("Trans Union") to compel Plaintiff to
provide initial disclosures and discovery responses, and ordered an award of reasonable
attorney fees and expenses pursuant to Fed. R. Civ. P. 37(a)(5)(A) upon separate
application. By the instant Application, Trans Union requests an award of $6,534.95.
This amount represents 31.4 hours of attorney time at hourly rates of $190 to $199;
2.0 hours of paralegal time at an hourly rate of $177; and copying and travel expenses of
$210.45. The Motion is supported by the declaration of Trans Union's attorney, Danielle
Evans, regarding her firm's work on discovery matters related to the motion to compel.

Plaintiff has made no timely response to the Application within the time period set
by LCvR7.1(g). For this reason, and because the Application presents a reasonable
request, the Court finds that the Application should be granted and that Plaintiff's lead

counsel, Brian L. Ponder, should be ordered to pay Trans Union's expenses incurred in making the motion to compel.

The Court finds that Mr. Ponder's advice and conduct necessitated the motion and generated most of the expenses incurred by Trans Union.   For example, included in the attorney time incurred with the motion is 10 hours spent by Trans Union's lead counsel preparing for and traveling to Oklahoma City to attend an in-chambers conference and a hearing concerning the motion, for which Mr. Ponder failed to appear.   Further, Plaintiff's opposition to the motion [Doc. No. 84] was based almost exclusively on a legal argument of counsel concerning the meet-and-confer requirements of LCvR37.1, which was rejected by the Court.

Regarding the amount of the award, the Court finds from an examination of Ms. Evans' declaration and supporting time records that, with minor modifications, the amount sought is reasonable.   Under the court of appeals' guidance, a lodestar method of calculation is "an acceptable approach" to determining a reasonable amount of fees to be awarded whenever an attorney-fee sanction is deemed appropriate, "whether rooted in statute, rule, or a court's inherent authority."   *See Farmer v. Banco Popular of N. Amer.*, 791 F.3d 1246, 1256, 1259 (10th Cir. 2015); *see also White v. General Motors Corp.*, 908 F.2d 675, 684 (10th Cir. 1995) (sanction for Rule 11 violation).   However, a trial court's determination of fees need not be exacting, and "should not result in a second major litigation."   *See Fox v. Vice*, 563 U.S. 826, 838 (2011) (internal quotation omitted); *see also Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1187 (2017).   The court need only satisfy due process requirements of notice to "[a] party facing the possible

assessment of costs, expenses, or attorney fees . . . that such sanctions are being considered and a subsequent opportunity to respond." *See Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 268 (10th Cir. 1995).

Upon consideration, the Court finds that the amount of legal time spent on Trans Union's motion to compel and the hourly rates of counsel are reasonable and appropriate. However, the hourly rate charged for paralegal time exceeds the prevailing rate in this legal community. The Court finds that the paralegal rate should be reduced from $177 to $120 per hour. With this change, the amount of attorney fees to be awarded is $6,210.50, to which should be added the reasonable amount of expenses of $210.45. Thus, the total award to be paid by Mr. Ponder to Trans Union, which the Court finds to be reasonable, is $6,420.95.

IT IS THEREFORE ORDERED that Defendant Trans Union LLC's Application for Attorneys' Fees and Expenses [Doc. No. 95] is GRANTED, as set forth herein. Plaintiff's lead counsel, Brian L. Ponder, shall pay $6,420.95 to Defendant Trans Union LLC by delivery of a check or other appropriate form of payment to Trans Union's attorneys within 21 days from the date of this Order.

IT IS SO ORDERED this 28th day of February, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE