IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DANNIELLE BRUNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1371-D |
| | ) | |
| MIDLAND FUNDING, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Defendant Trans Union LLC's Motion for Sanctions or in the Alternative for a Stay and to Enforce the Court Order [Doc. No. 96], filed pursuant to Fed. R. Civ. P. 37(b)(2) and 37(d). Plaintiff has not filed a timely response to the Motion. Upon consideration, in the exercise of discretion under LCvR7.1(g), the Court finds that the Motion should be deemed confessed, and should be granted for the reasons stated in the Motion. The only question for decision by the Court is what sanction to impose. Under the circumstances shown by the Motion and the case record, the Court finds that Plaintiff's action against Defendant Trans Union LLC should be dismissed.

Dismissal is "an extreme sanction appropriate only in cases of willful misconduct" and requires a consideration of appropriate factors. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). The *Ehrenhaus* factors "do not represent a rigid test that a district court must always apply . . . [but] are simply a non-exclusive list of sometimes-helpful criteria or guide posts the district court may wish to consider in the exercise of what must always remain a discretionary function." *Lee v. Max Int'l, LLC*, 638 F.3d 1318,

1323 (10th Cir. 2011) (internal quotation omitted). In this Court's assessment, the discovery conduct of Plaintiff and her counsel warrants dismissal of her claims against Defendant Trans Union LLC ("Trans Union").

There is no question that willful conduct has occurred. In addition to Plaintiff's failure to provide meaningful discovery, this conduct includes failing to appear at a hearing on the motion, failing to comply with the resulting discovery order, and failing to respond to this Motion and other discovery motions. The Motion expressly requested dismissal, and so placed Plaintiff on notice that dismissal was possible. Other sanctions, including an order for Plaintiff's counsel to pay a substantial award of attorney fees and expenses to Trans Union, have been ineffective to obtain compliance. Trans Union cannot be expected to defend against Plaintiff's claims without obtaining the information sought in discovery. Plaintiff and her counsel have given the Court little choice but to order the dismissal of the action against Trans Union. However, similar claims remain pending against other defendants and the case will proceed under the Scheduling Order entered September 7, 2017. Thus, the Court finds that the dismissal should be without prejudice to a future motion to reinstate Plaintiff's claims against Trans Union, provided any such motion is filed in a timely manner and is supported by facts that establish a compelling reason why the willful misconduct of Plaintiff and her counsel should be excused, to include full satisfaction of past-due discovery responses.[1]

---

[1] Notably, under the Scheduling Order, only 30 days remain for Plaintiff to file her final lists of witnesses and exhibits and for Defendants to make expert disclosures, and approximately 45 days remain for Defendants to file their final lists of witnesses and exhibits and to file dispositive motions. Unless Plaintiff acts promptly, the motion would likely be untimely

Further, the Court finds that the conduct of Plaintiff's counsel, Brian Ponder, raises serious concerns about his ability to continue practicing in this federal judicial district. The Court hereby provides notice to Mr. Ponder that a continued failure to cooperate in discovery, to meet Plaintiff's discovery obligations, to satisfy his obligations to the Court, and to comply with court orders and deadlines, may result in a referral to the Chief Judge of this Court to consider the commencement of disciplinary proceedings against him.

IT IS THEREFORE ORDERED that Defendant Trans Union LLC's Motion for Sanctions [Doc. No. 96] is GRANTED, as set forth herein. Plaintiff's action against Defendant Trans Union LLC is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 23rd day of March, 2018.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE