IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DANNIELLE BRUNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1371-D |
| | ) | |
| MIDLAND FUNDING, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is Defendant Equifax Information Services LLC's First Motion to Compel Discovery Responses or in the Alternative for a Determination of Law, and Request for Attorney's Fees [Doc. No. 116], filed pursuant to Fed. R. Civ. P. 37. Plaintiff has responded in opposition to the Motion, which is fully briefed. Upon consideration, the Court finds that the Motion should be granted in part and denied in part.

Defendant Equifax Information Services LLC ("Equifax") seeks an order compelling Plaintiff to answer interrogatories and respond to document requests that were first served in October 2017, and an order deeming admitted requests for admissions that were served at the same time. Equifax alleges that Plaintiff failed to provide any timely response to its discovery requests, failed to comply with an agreement between counsel to respond by January 24, 2018, later made incomplete responses, provided deficient supplemental responses in February 2018, and then refused to cure the deficiencies. In addition to discovery rulings, Equifax requests an order awarding reasonable costs and attorney fees incurred in making the Motion, as authorized by Fed. R. Civ. P. 37(a)(5)(A).

Equifax also requests a stay of Scheduling Order deadlines that are affected by Plaintiff's failure to provide discovery or, alternatively, an order dismissing Plaintiff's claims against it pursuant to Fed. R. Civ. P. 41(b), due to an alleged pattern of bad-faith conduct in discovery matters.

With minor exceptions, Plaintiff does not dispute the procedural history recited by Equifax in its Motion. Plaintiff instead attempts to justify her failure to provide complete responses to Equifax's discovery requests by raising three objections: 1) the discovery sought by Equifax is not relevant; 2) counsel for Equifax did not properly sign and serve the requests until January 2018, and she timely responded to those requests; and 3) no conduct warranting dismissal has occurred. The first objection is baseless. Equifax seeks information and documents that are relevant to the claims and defenses asserted in this case, and Plaintiff must respond to Equifax's requests in a proper manner.

The primary point of disagreement between the parties is whether Equifax properly signed and served its discovery requests on Plaintiff in October 2017. Plaintiff asserts that the initial requests were not properly signed because they do not bear a handwritten signature of Equifax's counsel but only a typewritten signature, "*/s/ Kendall W. Carter*." Plaintiff contends this form of signature, which is customary and acceptable for electronic filings and correspondence, was ineffective because she did not consent to email service of discovery papers. *See* Fed. R. Civ. P. 5(b)(2)(E). Plaintiff argues that she had "no duty to act on an unsigned . . . request . . . until it [was] signed." *See* Fed. R. Civ. P. 26(g)(2). Plaintiff's counsel also denies receiving the discovery requests that, according to the certificate of Equifax's counsel, were served by mail using the U.S. Postal Service on

October 20, 2017. Plaintiff's counsel argues in the response brief, and has stated in communications between the parties, that he received in October 2017 only courtesy copies of the requests sent by email, which was not a proper form of service without Plaintiff's consent.

Plaintiff provides no legal authority for her position that a discovery request signed with a typewritten signature may be treated as an unsigned request under Rule 26(g)(2). Nor does Plaintiff provide any authority for the proposition that only a handwritten signature satisfies the signature requirement of Rule 26(g)(1). According to the Tenth Circuit, "[t]he law is settled that a printed name upon an instrument with the intention that it should be the signature of the person is valid and has the same force and effect as though the name were written in the person's own handwriting." *Roberts v. Johnson*, 212 F.2d 672, 674 (10th Cir. 1954). There is no question in this case that Mr. Carter's printed name was intended as his signature, and there appears no reason to deviate from the settled rule. Therefore, the Court finds that Equifax's discovery requests were validly signed.

Plaintiff also seems to argue that she could disregard Equifax's October 2017 discovery requests because she did not receive a paper copy by mail and she did not give written consent to service by electronic means, as required by Rule 5(b)(2)(E). However, Equifax's counsel states by written declaration, and certified at the time of service, that Equifax's discovery requests were served "via U.S. Mail" on October 20, 2017. *See* Carter Decl. [Doc. No. 116-1], ¶ 3 and Ex. 1 [Doc. No. 116-2] at 7, 18, 27 (ECF page numbering). It is well-settled that "the law presumes receipt of a properly addressed piece of mail." *Davis v. United States Postal Serv.*, 142 F.3d 1334, 1340 (10th Cir. 1998); *see*

3

*Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994). The Court finds that a mere denial of mail receipt by Plaintiff's counsel is insufficient to relieve Plaintiff of a duty to respond under the circumstances presented, where actual receipt by electronic means is admitted and no objection was made until months later when Equifax's counsel inquired about Plaintiff's lack of response.[1] The Court therefore finds that Plaintiff has failed to overcome the presumption of receipt of Equifax's discovery requests, and that Plaintiff's responses served in January and February 2018 were untimely.

For these reasons, the Court will compel Plaintiff to provide full and complete responses to Equifax's discovery requests and will deem admitted Equifax's requests for admissions. If appropriate, Plaintiff may seek timely relief from an admission by motion pursuant to Fed. R. Civ. P. 36(b). Because the issues presented by Plaintiff's objections had not previously been determined, however, the Court finds that no order to pay Equifax's expenses in making the Motion is warranted under the circumstances. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

Equifax seeks a stay of the case while discovery is completed, or dismissal from the case as a sanction for Plaintiff's failure to cooperate in discovery. The Court declines to order an indefinite stay, and finds that Equifax has failed to justify a dismissal at this time. Under the existing case schedule, however, discovery was due to be completed by June 7,

---

[1] Under the Local Civil Rules, "[f]actual statements or documents appearing only in briefs shall not be deemed to be a part of the record in the case, unless specifically permitted by the court." *See* LCvR7.1(j). An unverified denial of Plaintiff's counsel, Brian Ponder, is particularly unsatisfying in this case, in light of Mr. Ponder's repeated failures to cooperate in discovery and respond to other defendants' discovery requests and motions.

2018, and dispositive motions are due by June 15, 2018.  *See* Scheduling Order [Doc. No. 78]; Order Extending Deadline [Doc. No. 131].  Under these circumstances, an extension of the remaining deadlines is necessary to permit an orderly disposition of the remaining issues and claims.

IT IS THEREFORE ORDERED that Defendant Equifax Information Services LLC's First Motion to Compel Discovery Responses or in the Alternative for a Determination of Law, and Request for Attorney's Fees [Doc. No. 116] is GRANTED in part and DENIED in part, as set forth herein.  Plaintiff shall serve full and complete answers to Defendant Equifax Information Services LLC's First Set of Interrogatories, and shall serve full and complete responses to Defendant Equifax Information Services LLC's Requests for Production of Documents within 14 days from the date of this Order.  All objections are waived, except a claim of privilege may be asserted in accordance with Fed. R. Civ. P. 26(b)(5) within 14 days.  Unless otherwise ordered, Defendant Equifax Information Services LLC's First Requests for Admission are deemed admitted.

IT IS FURTHER ORDERED that the remaining deadlines are amended as follows: Discovery to be completed by August 6, 2018; all dispositive and *Daubert* motions to be filed by July 9, 2018; and trial submissions (designations of deposition testimony, motions in limine, requested voir dire, trial briefs, requested jury instructions, and the Final Pretrial Report) to be filed by August 13, 2018.  The case is stricken from the August 14, 2018 jury trial docket, to be reset.  Unless otherwise ordered, all other provisions of the original Scheduling Order [Doc. No. 78] remain in effect.

IT IS SO ORDERED this 12th day of June, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE