IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DANNIELLE BRUNER, )
 )
    Plaintiff, )
 )
v. ) Case No. CIV-16-1371-D
 )
MIDLAND FUNDING, LLC, *et al.*, )
 )
    Defendants. )

**O R D E R**

Before the Court is Defendant Encore Capital Group's Motion for Summary Judgment [Doc. No. 145], filed pursuant to Fed. R. Civ. P. 56. The Motion presents both a challenge to the exercise of personal jurisdiction over Encore Capital Group ("Encore"), and a challenge to the merits of Plaintiff's claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p. Because a federal court must determine that jurisdiction exists as a threshold matter, the Court must first address the issue of personal jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1999).

Plaintiff Dannielle Bruner has made no timely response to Encore's Motion. In the exercise of discretion under LCvR7.1(g), the Court deems the Motion confessed regarding the issue of jurisdiction. Further, for the reasons that follow, the Court finds

that Plaintiff's action against Encore must be dismissed without prejudice for lack of jurisdiction.[1]

## Standard of Decision

Plaintiff has the burden of establishing personal jurisdiction over each defendant. *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir. 2004); *Intercon, Inc. v. Bell Atl. Internet Sol.*, 205 F.3d 1244, 1247 (10th Cir. 2000); *see also Rockwood Select Asset Fund XI(6)-1, LLC v. Devine, Millimet & Branch*, 750 F.3d 1178, 1179 (10th Cir. 2014). "Where a district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056-57 (10th Cir. 2008); *accord Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010); *see Rockwood*, 750 F.3d at 1180; *Benton*, 375 F.3d at 1074; *Intercon*, 205 F.3d at 1247. "The plaintiff may carry this burden 'by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant.'" *Bartile Roofs*, 618 F.3d at 1159 (quoting *TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1286 (10th Cir. 2007)). The Court must also accept "as true all well-pled (that is, plausible, non-conclusory, and non-speculative) facts alleged in plaintiff's complaint." *Shrader v.*

---

[1] Where jurisdiction is lacking, the dismissal must be without prejudice to refiling. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *Martinez v. Richardson*, 472 F.2d 1121, 1126 (10th Cir. 1973) ("It is fundamental . . . that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore dismissal of the [plaintiff's] claim must be without prejudice.").

*Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (internal quotation omitted); *see Rockwood*, 750 F.3d at 1179; *Intercon*, 205 F.3d at 1247.[2]

"[B]efore 'a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process.'" *Klein v. Cornelius*, 786 F.3d 1310, 1317 (10th Cir. 2015) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)) (internal quotation omitted); *see Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). Because neither the FCRA nor the FDCPA authorizes service of process, the federal rules authorize the application of Oklahoma law and its long-arm statute in this case. *See* Fed. R. Civ. P. 4(k)(1)(A);[3] *see also Trujillo*, 465 F.3d at 1217 (applying Rule 4(k)(1)(A) in § 1983 case because federal civil rights statutes do not authorize service); *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1072 (9th Cir. 2001) (applying Rule 4(k)(1)(A) in FCRA case).

Under Oklahoma law, the personal jurisdiction inquiry is simply a due process analysis. *See Shrader*, 633 F.3d at 1239; *Intercon*, 205 F.3d at 1247. The familiar due process standard requires "minimum contacts" between the defendant and the forum state

---

[2] Although "jurisdictional allegations are not accepted as true once they are controverted by affidavit" (*Shrader*, 633 F.3d at 1248), Encore presents no affidavit or other evidentiary materials with its Motion.

[3] In pertinent part, Rule 4(k)(1) provides generally regarding service as follows: "Serving a summons . . . establishes personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."

and a finding that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 297 (1980); *Intercon*, 205 F.3d at 1247. The "minimum-contacts standard may be satisfied by showing general or specific jurisdiction." *See Bartile Roofs*, 618 F.3d at 1159-60; *see also Burger King*, 471 U.S. at 472. The only basis of jurisdiction implicated by the factual allegations of Plaintiff's pleading is specific jurisdiction.[4]

Specific jurisdiction "requires, first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' defendant's forum-related activities." *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008) (quoting *Burger King*, 471 U.S. at 472). The Tenth Circuit has held that in non-contract actions "'purposeful direction' has three elements: (a) an intentional action that was (b) expressly aimed at the forum state with (c) knowledge that the brunt of the injury would be felt in the forum state."[5] *See Niemi v. Lasshoffer*, 770 F.3d 1331, 1348 (10th Cir. 2014) (internal

---

[4] General jurisdiction exists only if a defendant has maintained "continuous and systematic general business contacts" with the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *see Daimler AG v. Bauman*, 134 S. Ct. 746, 760-61 (2014).

[5] "In order to assess whether minimum contacts occurred in a contract case, we look at 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing.'" *AST Sports*, 514 F.3d at 1058 (quoting *Burger King*, 471 U.S. at 479)). Plaintiff's FCRA claims against Encore are not based on a contract.

4

quotation omitted); *see also Anzures v. Flagship Rest. Grp.*, 819 F.3d 1277, 1280 (10th Cir. 2016); *Dudnikov*, 514 F.3d at 1072. In *Walden v. Fiore*, 571 U.S. 277 (2014), the Supreme Court clarified the "purposeful direction" inquiry for specific jurisdiction: "the defendant's suit-related conduct must create a substantial connection with the forum State." *Id*. at 284. This "defendant-focused" inquiry requires that "the relationship between a defendant and the forum State must arise out of contacts that the defendant *himself* creates with the forum State," and those contacts must be "with the forum State itself, not the defendant's contacts with persons who reside there." *Id*. at 284-85 (internal quotation omitted, emphasis in original); *see Anzures*, 819 F.3d at 1280. "[T]he plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285.

## Discussion

In this case, Plaintiff does not allege in her Amended Complaint any conduct by Encore that creates a substantial connection to Oklahoma. The only facts stated regarding Encore are: it was incorporated under Delaware law; it has a principal place of business in California; it is the parent company of Midland Credit Funding, LLC and Midland Credit Management, Inc.; all three companies shared a common address and operated during the relevant time period as a common business enterprise; Encore controlled the acts and practices of its two subsidiaries and was responsible for their consumer information and debt collection policies; and it provided oversight of their consumer information and debt collection activities; and the three companies "conducted their business practices described in Plaintiff's Complaint through an interrelated network of companies that have common

5

ownership, business functions, employees, officers, and office location." *See* Am. Compl. ¶ 49.

These allegations provide no factual basis to show Encore purposefully directed its activities at Oklahoma or that Plaintiff's injuries, if any, arise out of forum-related activities by Encore. The existence of contacts between Encore's subsidiaries and Oklahoma is insufficient by itself to establish personal jurisdiction over Encore in this state. *See Calder*, 465 U.S. at 793 (each defendant's contacts with the forum must be assessed separately); *see also* 4A Charles Alan Wright et al., *Federal Practice & Procedure*, § 1069.4 at 258-59 & n.1 (3d ed. 2015). For purposes of personal jurisdiction, "a holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity." *Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1362 (10th Cir. 1974); *accord Benton*, 375 F.3d at 1081. Plaintiff provides no well-pleaded facts that would permit a finding that Encore exercised sufficient control over its subsidiaries that they were acting as its agents and "doing the business of the parent" in Oklahoma with respect to their alleged conduct toward Plaintiff. *See Quarles*, 504 F.2d at 1364 (10th Cir. 1974); *see also Home-Stake Prod. Co. v. Talon Petroleum, C.A.*, 907 F.2d 1012, 1021 (10th Cir. 1990) (corporate parent must "answer for conduct within the forum carried out by an *alter ego subsidiary*") (emphasis added). The Court therefore finds that Plaintiff has failed to allege a sufficient basis for the exercise of specific personal jurisdiction over Encore in this case.

**Conclusion**

For these reasons, the Court finds that Plaintiff has failed to establish personal jurisdiction over Encore for her action against it in this forum, and Encore is entitled to the dismissal of the action against it.

IT IS THEREFORE ORDERED that Defendant Encore Capital Group's Motion for Summary Judgment [Doc. No. 145], limited to the issue of personal jurisdiction, is GRANTED. Plaintiff's action against Encore Capital Group is DISMISSED without prejudice for lack of jurisdiction.

IT IS SO ORDERED this 21st day of August, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE