IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DANNIELLE BRUNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1371-D |
| | ) | |
| MIDLAND FUNDING, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Defendants Midland Funding, LLC's and Midland Credit Management, Inc.'s Motion for Summary Judgment [Doc. No. 144], filed pursuant to Fed. R. Civ. P. 56.[1] The movants (collectively "Midland") assert that Plaintiff lacks sufficient facts to establish her remaining claims against them under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.[2]

Plaintiff Dannielle Bruner has not responded to the Motion within the deadline set by LCvR7.1(g) or in the manner required by LCvR56.1. In the exercise of discretion under LCvR7.1(g), the Court deems the Motion confessed, and deems admitted under

---

[1] As an initial matter, the movants also urge the Court to dismiss Plaintiff's claims against them as a sanction for her failure to file final lists of witnesses and exhibits within the deadline set by the Scheduling Order. They neither cite any legal authority for this request (which is governed by Fed. R. Civ. P. 41(b)), nor address the appropriate analysis. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007). Thus, it is disregarded.

[2] The Court has previously ruled that only Counts 17-19, 22-24 and 27-29 of the Amended Complaint state plausible FCRA claims against these defendants, and that Plaintiff has failed to state a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p. *See* 6/23/17 Order [Doc. No. 67] at 8-9.

LCvR56.1(e) all material facts set forth in the statement of facts presented in support of the Motion. Under Rule 56, however, the Court has an independent duty in the absence of a response by the nonmoving party to determine that summary judgment is appropriate. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1200 (10th Cir. 2002); *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Applying this standard, the Court finds that the Motion should be granted.

Plaintiff claims generally in this action that she discovered from obtaining copies of her credit report from consumer reporting agencies that the reports showed a $400.00 credit card debt to Credit One Bank ("Credit One"). Plaintiff alleges this item is inaccurate and false in that she never had a credit card account with Credit One. As pertinent here, Plaintiff asserts claims against Midland under the FCRA arising from her alleged dispute of the Credit One debt and information regarding it that Midland furnished to consumer reporting agencies.[3]

The FCRA provides a consumer with a private right of action against a person who furnishes credit information to consumer reporting agencies if the furnisher violates a statutory duty imposed by Section 1681s-2(b)(1). Midland admits it is a furnisher of consumer credit information. The Court has previously found the Amended Complaint

---

[3] Plaintiff alleges that Credit One sold the debt to Midland for collection and the fraudulent account also appeared on her consumer report as a debt to Midland.

sufficiently states claims that Midland failed to perform duties imposed by Section 1681s-2(b)(1)(A), (B) and (C). *See supra* note 2. By its Motion, Midland asserts that Plaintiff cannot establish these claims because she lacks evidence to show: a) Midland failed to conduct a reasonable investigation regarding the disputed information, as required by Subsection A; b) Midland failed to review all relevant information provided by the consumer reporting agencies, as required by Subsection B; or c) Midland failed to report the results of its investigation to consumer reporting agencies, as required by Subsection C. Midland further contends that Plaintiff cannot prevail on any FCRA claim because she cannot establish that the information Midland furnished concerning Plaintiff was inaccurate.

The Court finds this last point is dispositive of Plaintiff's action against Midland. To prevail on an FCRA claim against a furnisher of credit information to consumer reporting agencies, a plaintiff must show that the information furnished was inaccurate. *See, e.g., Chiang v. Verizon New England Inc.*, 595 F.3d 26, 37-38 (1st Cir. 2010). Plaintiff has come forward with no facts or evidence to establish this essential element of her FCRA claims against Midland. Averments in pleadings will not defeat summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); Fed. R. Civ. P. 56(c).

Further, by Order of June 12, 2018 [Doc. No. 139], the Court ordered the deemed admission of Defendant Equifax Information Services, LLC's First Requests for Admission. Included in these admissions are facts that the information reported regarding the Credit One/Midland debt was accurate. *See* Def. Equifax Info. Servs. LLC's Mot.

Compel Discovery [Doc. No. 116], Ex. 2 [Doc. No. 116-2] at 5 (ECF page numbering); *see also* Def. Equifax Info. Servs. LLC's Mot. Summ. J., Ex. 2 [Doc. No. 147-2] at 5 (this motion is also unopposed and is addressed by a separate order).[4] Therefore, the record contains no genuine dispute of material fact regarding an essential element of Plaintiff's FCRA claims against Midland, and Midland is entitled to a judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322 (where a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of its claim, all other factual issues concerning the claim become immaterial).

**Conclusion**

For these reasons, the Court finds that Defendants Midland Funding, LLC and Midland Credit Management, Inc. are entitled to summary judgment on all plausible FCRA claims asserted against them in the Amended Complaint.

IT IS THEREFORE ORDERED that Defendants Midland Funding, LLC's and Midland Credit Management, Inc.'s Motion for Summary Judgment [Doc. No. 144] is GRANTED.

---

[4] Midland relies for summary judgment on similar admissions arising from Plaintiff's failure to respond to requests for admission made by Defendant Experian Information Solutions, Inc. *See* Def. Midland's Mot. Summ. J., Ex. 3 [Doc. No. 144-3]. However, the Court has not ordered the deemed admission of these requests, and Midland provides no properly supported facts to show the requests were deemed admitted by operation of Fed. R. Civ. P. 36.

IT IS SO ORDERED this 21st day of August, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE