IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DANNIELLE BRUNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1371-D |
| | ) | |
| MIDLAND FUNDING, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **O R D E R**

Before the Court is Defendant Equifax Information Services, LLC's Motion for Summary Judgment [Doc. No. 146], filed pursuant to Fed. R. Civ. P. 56. The movant ("Equifax") asserts that Plaintiff lacks sufficient facts to establish her claims against it under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.

Plaintiff Dannielle Bruner has not responded to the Motion within the deadline set by LCvR7.1(g) or in the manner required by LCvR56.1. In the exercise of discretion under LCvR7.1(g), the Court deems the Motion confessed, and deems admitted under LCvR56.1(e) all material facts set forth in the statement of facts presented in support of the Motion. Under Rule 56, however, the Court has an independent duty in the absence of a response by the nonmoving party to determine that summary judgment is appropriate. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1200 (10th Cir. 2002); *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Applying this standard, the Court finds that Equifax's Motion should be granted.

Plaintiff claims generally in this action that she discovered from obtaining copies of her credit report from consumer reporting agencies that the reports showed a $400.00 credit card debt to Credit One Bank ("Credit One"). Plaintiff alleges this item is inaccurate and false in that she never had a credit card account with Credit One. Plaintiff further alleges that she disputed the debt and information regarding it with consumer reporting agencies, including Equifax.

The FCRA provides a consumer with a private right of action against a consumer reporting agency that violates statutory duties designed to provide accurate consumer credit reports. The Amended Complaint asserts claims against Equifax in Counts 11 and 13-16 that it failed to perform duties under § 1681e(b) to follow reasonable procedures to assure the accuracy of its reporting about her, and under § 1681i(a) to reinvestigate a dispute concerning her reports. Equifax admits it is a consumer reporting agency subject to the FCRA, but asserts that Plaintiff cannot establish her claims because she lacks evidence to show Equifax violated its duties under the cited provisions. Equifax further contends Plaintiff cannot prevail on any FCRA claim because she cannot establish that the information reported concerning her was inaccurate.

The Court finds this last point is dispositive of Plaintiff's FCRA action against Equifax. To prevail on an FCRA claim against a consumer reporting agency for noncompliance with § 1681e(b) or § 1681i(a), a plaintiff must show that the consumer report about him or her was inaccurate. *See Wright v. Experian Info. Sols., Inc.*, 805 F.3d

1232, 1239, 1242 (10th Cir. 2015); *Cassara v. DAC Servs., Inc.*, 276 F.3d 1210, 1217 (10th Cir. 2002). Plaintiff has come forward with no facts or evidence to establish this essential element of her FCRA claims against Equifax. Averments in pleadings will not defeat summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); Fed. R. Civ. P. 56(c).

Further, by Order of June 12, 2018 [Doc. No. 139], the Court ordered the deemed admission of Equifax's First Requests for Admission. Included in these admissions are facts that the information reported regarding the Credit One/Midland debt was accurate. *See* Def. Equifax's Mot. Summ. J., Ex. 2 [Doc. No. 147-2] at 5 (ECF page numbering); *see also* Def. Equifax's First Mot. Compel Discovery [Doc. No. 116], Ex. 2 [Doc. No. 116-2] at 5 (ECF page numbering). Therefore, the record contains no genuine dispute of material fact regarding an essential element of Plaintiff's FCRA claims against Equifax, and Equifax is entitled to a judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322 (where a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of its claim, all other factual issues concerning the claim become immaterial).

Plaintiff also asserts in Count 53 of the Amended Complaint that Equifax violated her rights under state law to privacy and protection from appropriation of her name or identity. However, the FCRA expressly protects consumer reporting agencies from liability under state laws like "defamation [or] invasion of privacy . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C.

3

§ 1681h(e). For the same reasons stated *supra*, Plaintiff cannot establish liability of Equifax under Oklahoma law.

## Conclusion

For these reasons, the Court finds that Equifax is entitled to summary judgment on all claims asserted against it in this action.

IT IS THEREFORE ORDERED that Defendant Equifax Information Services, LLC's Motion for Summary Judgment [Doc. No. 146] is GRANTED. This Order disposes of all remaining claims and parties in this case, and therefore, a separate judgment shall be entered.

IT IS SO ORDERED this 21st day of August, 2018.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE