IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DANIELLE BRUNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1371-D |
| | ) | |
| MIDLAND FUNDING, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Defendants Midland Funding, LLC, Midland Credit Management, Inc., and Encore Capital Group's Motion for Attorney Fees [Doc. No. 158], filed pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1927 on September 4, 2018. The movants (collectively "Midland") ask the Court to sanction Plaintiff's lead counsel, Brian Ponder, for bringing a frivolous case and engaging in litigation conduct that "unreasonably and vexatiously multiplied the proceedings." *See* Mot. at 1. Mr. Ponder failed to respond to the Motion.

In light of Midland's serious allegations against Mr. Ponder, and the substantial penalty sought (an order to pay $39,328), the Court declined to deem the Motion confessed under LCvR7.1(g). The Court instead ordered Mr. Ponder to "show cause not later than October 15, 2018, why Midland's Motion . . . should not be granted in full for the reasons stated in the Motion." *See* Order to Show Cause [Doc. No. 159] at 2. Mr. Ponder has made no timely response to the Order.

Midland asserts that Mr. Ponder presented an unfounded claim of identity theft on Plaintiff's behalf – as shown by the facts presented in support of Midland's Motion for Summary Judgment [Doc. No. 144] and the facts set forth in the supporting brief for the instant Motion (at pages 3-4) – and that Mr. Ponder engaged in bad faith conduct during the case as set forth in the supporting brief (at pages 5-7). The facts shown by the Motion and the case record are undisputed, and the Court accepts them as true. These facts show that Mr. Ponder either intentionally or recklessly disregarded his duties to the Court and "so multiplie[d] the proceedings in [this] case unreasonably and vexatiously" within the meaning of 28 U.S.C. § 1927. *See Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278 (10th Cir. 2005); *see also Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc) (conduct that "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court" is sanctionable). Under these circumstances, the Court finds that Mr. Ponder should be held personally liable for "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct," as provided by § 1927.

Turning to the question of an amount to be awarded as compensation to Midland, the Court is not persuaded that all attorney fees incurred in defense of the case were excess fees incurred because of sanctionable conduct. Midland takes the position that Mr. Ponder prosecuted this lawsuit knowing it was baseless so he should have to repay Midland for all legal fees incurred in defending it. However, § 1927 is not a fee-shifting statute nor a means to sanction an attorney for filing a frivolous case. *See Steinert v. Winn Group, Inc.*,

440 F.3d 1214, 1224 (10th Cir. 2006). Instead, § 1927 liability arises from unreasonably prolonging meritless litigation after the case has begun; an attorney may properly be sanctioned under § 1927 where he "continued to assert bogus claims long after it would have been reasonable and responsible to have dismissed the claims." *Id.* at 1224-25 (internal quotation omitted, distinguishing *Dreiling v. Peugot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985)). Section 1927 provides an "incentive for attorneys to regularly re-evaluate the merits of their claims and to avoid prolonging meritless claims." *Id.* at 1224. The billing records submitted by Midland in support of its Motion show that it improperly seeks to recover fees beginning December 5, 2016, when counsel was first engaged to defend the case.

"[S]anctions under § 1927 . . . are levied to compensate the victims of dilatory practices, not as a means of punishment." *Hamilton v. Boise Cascade Exp*ress, 519 F.3d 1197, 1203 (10th Cir. 2008). Accordingly, the Tenth Circuit has directed district courts imposing § 1927 sanctions to "sufficiently express the basis for the sanctions imposed to identify the excess costs reasonably incurred by the party to whom they will be due." *Braley*, 832 F.2d at 1513. Ideally, a district court should identify "the excess costs providing a basis for the sanctions, the conduct leading to the sanctions, and the reason for the sanction." *See Hamilton*, 519 F.3d at 1204 (internal quotations omitted).

The dilatory litigation conduct by Mr. Ponder of which Midland complains in its Motion consists of: 1) failing to participate in preparing and filing the joint status report and discovery plan on August 31, 2017; 2) making untimely initial disclosures on

3

January 24, 2018; 3) asserting spurious objections to a deposition notice that prevented Defendants from going forward with Plaintiff's deposition on April 12, 2018; 4) failing to file timely witness and exhibit lists on April 23, 2018; 5) seeking no discovery from Midland and gathering no evidence to prove Plaintiff's claims against these defendants; and 6) forcing Midland to file motions for summary judgment on July 9, 2018, to obtain a disposition of the case. *See* Mot. at 5-7.

Upon examination of the time records of Midland's attorneys, the Court is unable to identify any excess costs incurred as a result of Mr. Ponder's failure to participate in filing the joint status report or his delay in making Plaintiff's initial disclosures. The point at which Mr. Ponder's unreasonable conduct toward Midland became manifest was when he obstructed Defendants' plan to depose Plaintiff in April 2018.[1] The Court finds that the efforts of Midland's attorneys after that point (which ultimately resulted in a disposition of the case without Plaintiff's deposition) reflect excess fees and costs that Midland incurred because of vexatious litigation conduct by Mr. Ponder that multiplied the proceedings against Midland. This finding is based, in part, on Mr. Ponder's agreement to dismiss another defendant who obtained discovery sanctions against him.[2] At a minimum,

---

[1] Before then, Mr. Ponder's discovery conduct toward other defendants had generated motions to compel, court hearings, related orders, and motions to enforce those orders. Midland's attorneys monitored court proceedings regarding Mr. Ponder's conduct in this and other cases, but the fees for these activities were not incurred because of Mr. Ponder's conduct toward Midland.

[2] Beginning in January 2018, other defendants began filing motions to compel Plaintiff to respond to written discovery requests. These motions resulted in orders compelling discovery and assessing attorney fees against Mr. Ponder. A motion by Defendant Trans Union, LLC to impose sanctions due to Mr. Ponder's failure to comply with a discovery order resulted in the dismissal of Plaintiff's claims against it. *See* 3/23/18 Order [Doc. No. 102]. In response to a similar motion

Midland's excess fees include the activities of its attorneys from April 10, 2018, when they received Mr. Ponder's meritless objections to the notice of Plaintiff's deposition, through the last activities shown by the billing records on July 31, 2018, related to Plaintiff's failure to respond to Midland's motions for summary judgment. The total amount of fees and costs incurred by Midland from April 10, 2018, through July 31, 2018, as shown by counsel's billing records is $14,306.90.

The Court has reviewed the Affidavit of Jon E. Brightmire in support of the fee request and the time records submitted. *See* Brightmire Aff. [Doc. No. 158-4]. The Court finds that the attorneys' hourly rates, their time spent on particular tasks, and the billed copying expenses are entirely reasonable. The Court further finds that the amount of $14,306.90 is properly assessed against Mr. Ponder because of his unreasonable and vexatious conduct toward Midland in prolonging this meritless case against it.

IT IS THERFORE ORDERED that Defendants Midland Funding, LLC, Midland Credit Management, Inc., and Encore Capital Group's Motion for Attorney Fees [Doc. No. 158] is GRANTED. The Court finds that Brian Ponder violated § 1927 and that he should be required to reimburse the movants for a reasonable amount of attorney fees and costs incurred as a result of his misconduct, in the amount of $14,306.90.

---

by Defendant Experian Information Solutions, Inc., Mr. Ponder consented on Plaintiff's behalf to its dismissal from the case; the Court granted the motion in substantial part and dismissed Plaintiff's action against Defendant Experian Information Solutions, Inc. with prejudice to refiling. *See* 4/19/18 Order [Doc. No. 115]. The fact that only defendants who involved the Court in addressing Mr. Ponder's deleterious behavior obtained dismissals, shows that Mr. Ponder pressed forward with meritless claims against the remaining defendants after he should have agreed to dismiss them as well.

IT IS FURTHER ORDERED that Brian Ponder shall pay $14,306.90 to Defendants Midland Funding, LLC, Midland Credit Management, Inc., and Encore Capital Group, jointly, by delivery of a check or other appropriate form of payment to their attorneys within 30 days from the date of this Order.

IT IS SO ORDERED this 1st day of November 2018.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE